
FILED
DEC 03 2019
Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| QUINLAN G. ROE,<br><br>Plaintiff,<br><br>v.<br><br>RHONDA L. LELAND; CLAUDIA LYNN WELLS; and ALLSTATE INSURANCE COMPANY,<br><br>Defendants. | CV 19–153–M–DWM<br><br><br><br>ORDER |

In December 2014 and June 2015, Plaintiff Quinlan G. Roe was involved in two separate motor vehicle accidents with uninsured motorists. (Doc. 3.) He unsuccessfully attempted to obtain the full amount of uninsured motorists ("UM") benefits from his own auto insurer, Defendant Allstate Insurance Company. (Doc. 9 at ¶ 2.) On December 6, 2018, Roe filed a negligence suit against the two uninsured motorists, Rhonda Leland and Claudia Wells, in Montana Fourth Judicial District Court, Missoula County. (*Id.* at ¶ 3.) Leland was immediately served, (Doc. 2-5), and attempts were made to serve Wells, but she could not be

1

located, (Doc. 9 at ¶ 6). On August 21, 2019, Roe amended his complaint to include Allstate. (Doc. 3.) On September 11, 2019, Allstate removed the case to this Court on the grounds that Leland and Wells are now, and at the time the Amended Complaint was filed, nominal parties whose citizenship is not considered for the purposes of establishing federal diversity jurisdiction. (Doc. 1 at 4.) Roe seeks to remand this matter back to state court in the absence of complete diversity. (Doc. 7.) He also seeks fees and costs associated with the motion. While remand is appropriate, fees and costs are not awarded.

## ANALYSIS

A party's request for remand and for associated costs and attorney fees are governed by 28 U.S.C. § 1447. The request for remand will be granted if the court finds that the removal is improper and the federal court lacks jurisdiction. *Id.*

### I. Diversity Jurisdiction

A defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction." 28 U.S.C. § 1441(a). Allstate premises removal of the present case on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). "Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018). But assessment of citizenship is limited to "real and substantial parties to the controversy,"

2

disregarding "nominal" parties. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980); *see also* 28 U.S.C. § 1441(b)(2) (action may not be removed under section 1332(a) "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). Allstate, as the removing party, bears the burden of establishing jurisdiction. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F. 2d 1090, 1092 (9th Cir. 1990). If federal jurisdiction is in doubt, remand is necessary. *Dunham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

It is undisputed that for the purposes of removal Roe, Leland, and Wells are assumed to be citizens of Montana. (*See* Doc. 2-1 at ¶¶ 1–3; Doc. 3 at ¶¶ 1–3.)[1] But Allstate asserts that Leland and Wells are not "real and substantial" parties because Allstate is the uninsured payment obligor. On the other hand, Roe maintains that both Leland and Wells have a stake in this litigation as the tortfeasors, albeit uninsured tortfeasors.

As indicated by the parties, the persuasive authority on this issue is divided. Allstate relies on a case that found the uninsured tortfeasor was a nominal party where the claim was for UM benefits and the driver was merely named to trigger an "inchoate" payment obligation owed by the UM insurer. *Kidd v. Gilfilen*, 170

---

[1] However, Leland was served in Spokane, Washington. (*See* Doc. 2-5.)

3

F. Supp. 2d 649, 651–52 (S.D.W. Va. 2001); *see also Jakoubek v. Fortis Benefits Ins. Co.*, 301 F. Supp. 2d 1045, 1050–51 (D. Neb. 2003) (disregarding the citizenship of the State of Nebraska in assessing benefits owed and administered by a private insurer). Roe relies on two other district court cases that hold the opposite, *Van-Soolen v. Horace Mann Insurance Co.*, 2012 WL 3730529 (D. Nev. Aug. 2, 2012), and *Thomas v. Corbett*, 2010 WL 3064470 (S.D.W. Va. Aug. 2, 2010). In *Van-Soolen*, the court concluded that an uninsured motorist was a real party in interest in a case that also included the UM carrier because Nevada law specifically allowed the plaintiff to seek recovery against the insurer, the uninsured motorist, or both. The *Thomas* court reached a similar result, finding that the low coverage limits and possibility of personal recovery against the uninsured motorist justified a significant stake in the lawsuit.

*Van-Soolen* and *Thomas* are more persuasive given Montana law and Roe's insistence that policy limits may be insufficient to cover his damages. In Montana, a plaintiff can bring a direct tort action against the tortfeasor, as the person who caused the alleged injuries, and a contract claim against his UM carrier who stands in the shoes of the tortfeasor "for the purpose of fulfilling [its] contractual obligations" under the policy. *Dill v. Mont. Thirteenth Jud. Dist. Ct.*, 979 P.2d 188, 191 (Mont. 1999). Thus, it is appropriate for Roe to sue Leland and Wells directly under Montana law. Additionally, Roe states that he may seek a judgment

4

in excess of the UM coverage limits of $600,000 on the grounds that his injuries will diminish his earning capacity for the remainder of his life. (Doc. 13 at 9.) Thus, Wells and Leland potentially have a financial stake in the litigation. Unlike the situation in *Kidd*, the case relied on by Allstate, the tortfeasors' presence in the case is more than just a procedural mechanism to reach the insurer.

Based on the foregoing, remand is appropriate. To the extent this is a close question, any doubt weighs in favor of remand. *Dunham*, 445 F.3d at 1252.

## II.   Fees and Costs

Roe further seeks his fees and costs associated with removal. While such fees and costs can be awarded, 28 U.S.C. § 1447(c), such an award is not warranted. The parties' merits briefing on the jurisdictional issue references what Allstate calls the "confirmatory email." (Docs. 4, 12.) While the contents of this email are not sufficient to confer jurisdiction, Allstate reasonably understood this correspondence as an acknowledgement that this case is fundamentally about recovering uninsured benefits from Allstate. (*See* Doc. 12 at 4.) In light of that understanding and the authority discussed above, a fees award is not appropriate.

### CONCLUSION

Based on the foregoing, Roe's motion (Doc. 7) is GRANTED in PART and DENIED in PART. This matter is REMANDED back to the Fourth Judicial

5

District Court, Missoula County.  The clerk is directed to transmit the file to the state court and close this case.  The request for fees and costs is DENIED.

DATED this 3rd day of December, 2019.

Donald W. Molloy, District Judge
United States District Court